IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK GENE RUSSELL, #18016446, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:19-CV-1796-N-BK |
| DALLAS COUNTY JAIL, ET AL., DEFENDANTS. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. The Court granted Plaintiff Patrick Gene Russell's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Doc. 10; Doc. 4. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

I. BACKGROUND

On July 29, 2019, Russell, a Dallas County Jail inmate, filed a *pro se* prisoner civil rights complaint against the Dallas County Jail and Officers Frey and Brown. Doc. 3 at 1. He asserts that on June 12, 2019, he was (1) removed from his cell, (2) informed that he had "too many books," and (3) ordered to leave all his property behind so that Officer Frey could search for any contraband. Doc. 3 at 4. The following day, however, Russell discovered that all his religious materials, dictionaries, and some of his "legal letters" were missing. Doc. 3 at 6. He requests that the Court "[d]eclare a mistrial in ALL cases in Dallas County Court" and award him $300

"per day for incarceration [sic] since [his] arrival in Dallas, Texas." Doc. 3 at 6.   Upon review, Russell's complaint lacks any legal basis and should be dismissed as frivolous.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Russell's claims are frivolous.

### A.  Loss of Property

Plaintiff claim that his books and mail were taken lacks any basis in federal law. Whether intentional or negligent, a "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Texas law provides adequate state post-deprivation remedies, including a state action for the tort of

2

conversion. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994)). Because Plaintiff has available state post-deprivation remedies, his federal claim based on the alleged taking of his personal property is legally frivolous under *Hudson*. *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) ("In Texas, when an inmate's property is taken without compensation, his remedy is in state court, not federal court.").

### B. Habeas Relief

To the extent Russell seeks a "mistrial" or to dismiss his state criminal charges, his claim is not cognizable under section 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))). Constitutional challenges to state court charges and convictions are generally cognizable in a federal habeas corpus action after exhaustion of state court remedies. *See* 28 U.S.C. §§ 2241, 2254. Thus, this claim also lacks any legal basis.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," however the court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case." *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) For the reasons outlined here, Russell's claims are fatally infirm and cannot be cured by amendment. Thus, granting leave to amend would be futile and cause needless delay.

3

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

**SO RECOMMENDED** on October 1, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must specify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."